# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

ROSEMARY A. LOLLIS and )
FRED C. LOLLIS, )
                                      )     Case No. 15-CV-290-JED-PJC
          Plaintiffs, )
                                      )
v. )
                                      )
RENE TORRES and SHARRON WELLS, )
                                      )
         Defendants. )

## OPINION AND ORDER

Before the Court are the plaintiffs' Complaint (Doc. 1) and Motion for Leave to Proceed In Forma Pauperis (Doc. 2). The plaintiffs, proceeding pro se, have filed numerous lawsuits in this Court relating to allegations that their children were improperly taken into custody by governmental entities and their employees. In this action, plaintiffs have sued Rene Torres, who is alleged to be a detective with the Bixby Police Department, and Sharron Wells, who is alleged to be a child welfare specialist in Tulsa. (Doc. 1 at 1). The factual allegations of the Complaint are as follows:

> Sharron threaten [sic] me if I talked to the DA, dropped the report or didn't get PO that I would never see our kids again. Torres and Sharron received our daughters [sic] and my wife's retraction, Yet, charges were filed 3 months later. Torres recieved [sic] the retraction March 5 114 am. Sharron received the retraction March 5 803 am. No child abuse charges were filed or brought against [sic]. So, they are trying to be charges of domestic so Fred loses his rights. Since charges were filed on Bixby & now Torres & Sharron are commiting [sic] conspiracy & make up charges & reports.

(*Id.* at 1-2).

Plaintiffs seek to commence the action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the

commencement, prosecution or defense of any suit ... without prepayment of fees ... by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." Despite the statute's reference to "prisoner," it applies to all persons who apply for in forma pauperis status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013). In enacting § 1915(a), Congress intended to provide indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent frivolous filings, the statute authorizes a court to sua sponte dismiss a case filed in forma pauperis where the action is frivolous or malicious, the plaintiffs have failed to state a claim upon which relief can be granted, the defendant is entitled to immunity, or the plaintiff has included false allegations of poverty. *See* 28 U.S.C. § 1915(e)(2); *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000).

While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Plaintiffs assert that the Court has jurisdiction pursuant to 42 U.S.C. § 1985, 18 U.S.C. §§ 241, 242, 42 U.S.C. § 14141, and "Amendment 1, 4, ... 5, 8, 14." (Doc. 1 at 1). There is no private civil right of action for a violation of 18 U.S.C. §§ 241 and 242, which are criminal statutes that provide for criminal penalties for certain civil rights deprivations. *See Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987). Likewise, 42 U.S.C. § 14141, which provides the United States Attorney General with authority to maintain a civil action relating to certain rights deprivations, does not provide a private cause of action to the plaintiffs in this case. *See Mendia v. City of Wellington*, 432 F. App'x 796, 798 (10th Cir. 2011) (unpublished). Plaintiffs do not indicate which subdivision of 42 U.S.C. § 1985 they believe to be applicable under the facts alleged, and the allegations in the Complaint do not state a claim under any of those subdivisions. While plaintiffs have globally alleged violations of their rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, the facts that they have alleged in their Complaint do not state any colorable claim under any of those Amendments that could be pursued under 42 U.S.C. § 1983.

The undersigned and other judges of this Court have dismissed related cases upon determining that similar allegations did not state colorable federal claims. *See Lollis v. Kunzweiler et al.*, No. 15-CV-245-CVE-PJC (Doc. 3); *Lollis v. State of Okla. et al.*, No. 15-CV-246-GKF-TLW (Doc. 3); *Lollis v. Judge Doris Fransein et al.*, No. 15-CV-280-TCK-PJC (Doc. 3); *Lollis v. CPS/DPS et al.*, No. 15-CV-247-JED-FHM (Doc. 3); *Lollis v. City of Bixby*, No. 15-

CV-249-JED-FHM (Doc. 3); and *Lollis v. Wells*, No. 15-CV-251-JED-PJC (Doc. 3).[1] Likewise, construing the Complaint in this case liberally in light of plaintiffs' pro se status, the allegations do not state a colorable federal claim. As a result, the Court lacks subject matter jurisdiction over this case. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (federal court cannot exercise federal question jurisdiction over a case absent a colorable claim arising under federal law). The case should be dismissed under § 1915(e)(2) for failure to state any federal claim upon which relief can be granted.

Plaintiffs also attached a list of Oklahoma Statutes to their Complaint, without any allegations of fact or explanation as to how or why those statutes would purportedly apply. To the extent that the plaintiffs have any arguments or claims under those statutes, they implicate only state, not federal, law, and the Court declines to exercise supplemental jurisdiction over any such state claims plaintiffs may have. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998)).

IT IS THEREFORE ORDERED that plaintiffs' claims are dismissed without prejudice. Plaintiffs' Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is denied as moot.

ORDERED this 9th day of June, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1] The last numbered suit (15-CV-251) was another case which the plaintiffs filed against Sharron Wells, who is a defendant herein. As noted, that suit has been dismissed.